**UNITED STATES of America, Plaintiff**

v.

**Waldemar TORRES–GONZALEZ, Defendant.**

**Criminal No. 07–170(JAG).**

United States District Court, D. Puerto Rico.

Feb. 11, 2008.

G. Andrew Massucco–LaTaif, Olga B. Castellon–Miranda, United States Attorney's Office, San Juan, PR, for Plaintiff.

Epifanio Morales–Cruz, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Waldemar Torres Gonzalez's ("Defendant") Motion Requesting Severance or Bifurcation. (Docket No. 254). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Waldemar Torres Gonzalez's stands charged in a Superseding Indictment for the following violations of law: 1) Count One, conspiring to deal in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1) and 371, 2) Count Three and Six, aiding and abetting in the dealing of a firearm without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and 2, 3) Count Seven, aiding and abetting in the carrying of a firearm during and in relation to a drug trafficking crime, in violation 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and 2, 4) Count Eight, aiding and abetting in possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A), and 18 U.S.C. § 2, and 5) Count Eleven and Twenty–One, being a felon-in-possession of a firearm, all in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Docket No. 151).

On February 6, 2008, Defendant filed a Motion Requesting Severance or Bifurcation. In said motion, Defendant argues that Counts Eleven and Twenty–One should be severed or bifurcated because said counts require the introduction of previous conviction evidence which would be highly prejudicial to Defendant.[1] Namely, Defendant avers that under Fed.R.Evid. 404(b), the admissibility of the nature of Defendant's prior conviction would serve no other purpose but to demonstrate his propensity to commit the crimes charged in the remaining Counts. (Docket No. 254).

On February 8, 2008, the Government filed its opposition to Defendant's motion. The Government contends that Counts Eleven and Twenty–One should not be severed nor should a bifurcated trial be held because the nature of Defendant's prior conviction is admissible. Specifically, the Government alleges that Federal Rule of Evidence 404(b) does not preclude the admissibility of the nature of Defendant's

---

1. Defendant was previously convicted of Puerto Rico Weapons Law 5.04 for which he was sentenced to serve a period of imprisonment of five (5) years.

conviction and the sentenced imposed. (Docket No. 267).

## DISCUSSION

 Our Circuit has consistently held that when a defendant is charged with being a felon-in-possession of a firearm, evidence of the nature of the prior conviction is not admissible unless special circumstances establish that the relevance of the evidence is sufficiently compelling to survive the balancing test of Fed.R.Evid. 403. *United States v. Lewis*, 40 F.3d 1325, 1342–1343 (1st Cir.1994); *United States v. Melvin*, 27 F.3d 703, 707 (1st Cir.1994); *United States v. Tavares*, 21 F.3d 1, 5 (1st Cir.1994). As such, evidence of a defendant's prior conviction can only be admitted if the Court identifies special circumstances which show that the relevant evidence [2] outweighs any likely prejudice. *Melvin*, 27 F.3d at 707; *United States v. Tavares*, 21 F.3d 1, 5 (1st Cir. 1994).[3] Furthermore, the admissibility of prior convictions can be analyzed under Federal Rule of Evidence 404(b). *See Melvin*, 27 F.3d at 709. Similar to the test under Rule 403, Rule 404(b) requires a balancing analysis where the relevance of the admissibility of the prior convictions outweighs its prejudice. *Id.*

The Government contends that evidence of the nature of Defendant's prior conviction is admissible under Rule 404(b) because it is relevant to show that Defendant possessed knowledge, intent, lack of mistake or accident, plan and preparation.[4] Furthermore, the Government alleges that evidence of the nature of Defendant's prior conviction is relevant to rebut Defendant's possible assertion that the possessions of firearms violations for which he now stands charged were accidental, mistaken or innocent. This Court disagrees with the Government's contentions.

Similar to the case at bar, in *Melvin*, our Circuit Court noted that the Government also alleged that evidence of the defendant's prior convictions was admissible under Fed.R.Evid. 404(b). *Id.* The Government argued that said evidence was admissible to prove defendant's plan or intent. *Id.* at 709 n. 6. The Circuit Court concluded that the District Court's ruling that the prejudicial value of Defendant's prior conviction outweighed the relevance of the evidence should not be disturbed. *Id.* at 709.

In the present case, this Court finds that the relevance of the nature of the prior conviction does not outweigh its prejudice. Admitting evidence of Defendant's prior

2. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401; *United States v. Fahey*, 769 F.2d 829, 840–841 (1st Cir.1985).

3. In a felon-in-possession case, the Government's right to introduce its proof is always subject to the trial court's responsibility under Fed.R.Evid. 403 to limit unduly prejudicial or cumulative evidence. *Tavares*, 21 F.3d at 5. Federal Rule of Evidence 403 states that: "[e]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . .". *Id.*

4. Under Rule 404(b) "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b).

firearm possession convictions would prejudice the jury because it would portray Defendant as an individual, who has a propensity to use firearms.[5] *Id.* As such, this Court holds that the evidence of Defendant's prior convictions is inadmissible.

 However, evidence that Defendant was previously convicted of an unspecified felony is admissible.[6] Moreover, at this time, the Court holds that Defendant is precluded from asserting that the possession of firearm in the case at bar was mistaken, innocent, or accidental. Nevertheless, said preclusion is without prejudice and Defendant may argue said defenses, at a later time, during trial, at which point the Court could then allow the government to present evidence of the specific nature of the prior conviction if its reasons for doing so are compelling.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion Requesting Severance or Bifurcation. (Docket No. 254).

IT IS SO ORDERED.

---

5. "The prejudicial nature of evidence of prior convictions is clear and compelling, in that it indelibly marks a defendant as a lawbreaking menace." *Melvin,* 27 F.3d at 708.

6. The parties could enter into a stipulation that Defendant was a felon. *See Tavares,* 21 F.3d at 6.